IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NIC SALOMON, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 3:15-CV-0666-M |
| § | |
| KROENKE SPORTS & § | |
| ENTERTAINMENT, LLC, OUTDOOR § | |
| CHANNEL HOLDINGS, INC., and § | |
| PACIFIC NORTHERN CAPITAL, LLC, § | |
| § | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

On July 16, 2015, the Court granted the joint Motion to Dismiss filed by Defendants Kroenke Sports & Entertainment, LLC ("KSE") and Outdoor Channel Holdings, Inc. ("Outdoor"), but allowed Plaintiff Nic Salomon ("Salomon") leave to amend his pleadings. *See* Docket Entry #26. Thereafter, Salomon filed a Motion for Clarification, in which he requested that the Court more particularly identify the deficiencies it found in his Original Complaint. The Court granted Salomon's Motion for Clarification and now issues this Memorandum Opinion and Order clarifying the grounds for its July 16, 2015 Order granting Defendants' Motion to Dismiss.

## BACKGROUND

This is a civil action for breach of contract, fraud, breach of fiduciary duty, and unjust enrichment brought by Salomon against KSE, Outdoor, and Pacific Northern Capital, LLC ("PNC"), arising out of Salomon's failed attempt to purchase two companies engaged in the aerial camera business, SkyCam, LLC ("SkyCam") and CableCam, LLC ("CableCam"). In his Original Complaint, Salomon alleges that SkyCam and CableCam are wholly-owned subsidiaries

1

of Outdoor and that he served as President of both companies from January 2009 to May 2014. Pl. Orig. Compl. [Docket Entry #1] at 3, ¶ 8. According to Salomon, Outdoor's CEO encouraged him to submit an offer to buy the two aerial camera businesses in 2012. *See id.* at 5, ¶ 13. Salomon allegedly engaged PNC as a potential investor, and, together, they approached Outdoor about purchasing SkyCam and CableCam. *Id.*, ¶¶ 14, 15 & 6, ¶ 18. On or about February 26, 2013, Salomon and PNC presented Outdoor with a Term Sheet outlining some of the proposed terms of a prospective purchase of the aerial camera businesses by an acquisition entity to be formed by Salomon and PNC. *Id.* at 6-7, ¶¶ 19-20; *see also id.*, Ex. A. The Term Sheet, which was accepted by Outdoor, included an "exclusivity provision," allegedly for the benefit of Salomon and PNC, that precluded Outdoor from negotiating or agreeing to sell the aerial camera businesses to any party other than Salomon and PNC until April 15, 2013. *Id.* at 7, ¶ 21.

By this lawsuit, Salomon alleges that Outdoor breached the exclusivity provision of the Term Sheet when it negotiated a merger with KSE, which resulted in KSE acquiring the entirety of Outdoor, including SkyCam and CableCam, in May of 2013. *Id.* at 4, ¶ 9 & 8-9, ¶¶ 24-30. Salomon further alleges that KSE and Outdoor assisted and encouraged PNC to violate its fiduciary duties to him by entering into a "secret, side agreement" that facilitated the KSE/Outdoor merger. *Id.* at 4, ¶ 9. Based on this conduct, Salomon filed suit on February 27, 2015 asserting claims against Outdoor for breach of contract (Count 1) and aiding and abetting PNC's breach of fiduciary duties (Count 5). *Id.* at 9-10, ¶¶ 31-33. He also asserts claims against KSE for tortious interference with existing contracts and prospective relations (Counts 2 and 3), fraud (Count 4), and aiding and abetting PNC's breach of fiduciary duties (Count 5). *Id.* at 10-13, ¶¶ 34-47. Salomon further asserts claims for breach of fiduciary duty against PNC

(Count 6) and claims for unjust enrichment and civil conspiracy (Count 7 and 8) against all Defendants. *Id*. at 13-15, ¶¶ 48-58.

On May 5, 2015, KSE and Outdoor filed a motion to dismiss Salomon's claims against them on various grounds, including: (1) Salomon failed to plead concrete and particularized damages as required to confer Article III standing and, therefore, the Court lacks subject matter jurisdiction; (2) Salomon is not the real party in interest and does not possess prudential standing because he was not the prospective purchaser of the camera businesses; (3) Salomon failed to plead sufficient facts to state a claim upon which relief can be granted under Rule 12(b)(6) or 9(b). After the parties fully briefed the motion, the Court granted Defendants' motion to dismiss and gave Salomon thirty days to file an amended complaint. Docket Entry #26. Prior to amending his complaint, Salomon asked the Court to clarify its reasons for granting KSE and Outdoor's motion to dismiss, which request the Court also granted. The Court now sets forth the following reasons for granting the earlier motion to dismiss.

## LEGAL STANDARDS AND ANALYSIS

The threshold issue presented by KSE and Outdoor's motion to dismiss is whether Salomon has standing to sue and/or is the real party in interest. A plaintiff's standing to sue and his status as the real party in interest are related and often-confused concepts. *See generally*, 6A Wright & Miller, Federal Practice and Procedure § 1542 (Supp. 2009). Succinctly stated, standing is a constitutional requirement that inquires whether the plaintiff is entitled to have the court decide the merits of the dispute. *Allen v. Wright*, 468 U.S. 737, 750–51 (1984) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Constitutional standing exists where three requirements are met: (1) the plaintiff has suffered an injury in fact, that is an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not

conjectural or hypothetical; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). There are also prudential standing limitations, including the requirement that a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties. *Bennett v. Spear*, 520 U.S. 154, 162 (1997); *Warth*, 422 U.S. at 499. The "real party in interest" rule is a prudential limitation that requires the party who brings the action to be "the party who, by the substantive law, has the right sought to be enforced." *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 257 (5th Cir. 1980); *see also Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC*, 2013 WL 3834626, at *2 (N.D. Tex. July 25, 2013) (Fitzwater, J.) ("[The Rule 17(a) real party in interest] requirement is in essence a codification of the prudential standing requirement that a litigant cannot sue in federal court to enforce the rights of third parties.").

KSE and Outdoor argue that Salomon lacks standing and is not the real party in interest because he was not the prospective purchaser of the aerial camera businesses. *See* Def. Mot. [Docket Entry #14] at 4-7. Salomon concedes that the Original Complaint alleges that "[t]he purchaser is identified in the Term Sheet as an acquisition entity to be formed by Mr. Salomon and PNC." Pl. Orig. Compl. at 7, ¶ 20. Salomon nevertheless contends that he has standing and is the real party in interest because he was acting as a promoter of the unformed acquisition entity when he signed the Term Sheet. Pl. Resp. [Docket Entry # 19] at 5. Salomon further contends that, under Texas law, a promoter signing a contract on behalf of an unformed entity becomes a party to the contract and is entitled to enforce it. *Id.* (citing *BAC Home Loans*

4

*Servicing, LP v. Texas Realty Holdings, LLC*, 901 F. Supp. 2d 884, 921-22 (S.D. Tex. 2012).[1] However, Salomon does not identify any allegations in his Original Complaint which claim that he signed the contract in his capacity as a promoter for the unformed acquisition entity. Nor does the Original Complaint contain facts sufficient to allege that Salomon was acting as a promoter in his negotiations with Outdoor. It is only in response to KSE and Outdoor's motion to dismiss that Salomon asserts his alleged status as a corporate promoter. To the extent Salomon intends to establish his standing and/or status as the real party in interest on the basis of his alleged role as a promoter, he has failed to plead facts to support that theory in his Original Complaint. Accordingly, the Court finds that Salomon's Original Complaint fails to allege sufficient facts to establish that Salomon has prudential standing or is the real party in interest.

Because standing is a threshold issue, the Court does not reach the other issues raised in connection with KSE and Outdoor's joint Motion to Dismiss. Salomon shall have fourteen days from the date of this Memorandum Opinion and Order to replead in an effort to establish his standing and/or status as the real party in interest. Salomon also may replead his other allegations in response to the arguments raised by KSE and Outdoor's Motion to Dismiss to the extent he deems appropriate. If and when Salomon files his Amended Complaint, he shall also attach a redlined copy as an exhibit.

**SO ORDERED.**

September 29, 2015.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[1] The Court does not suggest a view of the merits of Salomon's arguments regarding the viability, under Texas law, of a promoter's suit to enforce a contract against a third party.