IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NIC SALOMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:15-CV-00666-M |
| | § | |
| KROENKE SPORTS & ENTERTAINMENT, | § | |
| LLC, OUTDOOR CHANNEL HOLDINGS, | § | |
| INC., and PACIFIC NORTHERN CAPITAL | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

## GRAY REED & MCGRAW LLP'S MOTION TO
## WITHDRAW AS PLAINTIFF'S COUNSEL AND BRIEF IN SUPPORT

TO THE HONORABLE BARBARA M.G. LYNN, CHIEF DISTRICT JUDGE:

Gray Reed & McGraw LLP f/k/a Gray Reed & McGraw, P.C. (Gray Reed) files this Motion

to Withdraw as Plaintiff's Counsel and Brief in Support:

**I.      Summary of the Argument**

Based on fundamental disagreements and the continued deterioration of the attorney-client

relationship, Gray Reed seeks leave to withdraw as Plaintiff Nic Salomon's (Salomon) counsel in

this case. Notwithstanding the time that it has been pending, this case is still in its infancy. The

parties have not conducted significant discovery, and the only dispositive motion pending has

already been fully briefed. Consequently, Gray Reed's withdrawal will neither disrupt this

litigation nor substantially prejudice Salomon or the other parties.

II.     **Factual and Procedural History**

On February 27, 2015, Salomon filed this lawsuit against Kroenke Sports & Entertainment, LLC (KSE), Outdoor Channel Holdings, Inc. (Outdoor), and Pacific Northern Capital, LLC (PNC), asserting, inter alia, breach-of-contract, tortious-interference, and breach-of-fiduciary-duty claims. Salomon's claims arise out of his joint bid with PNC to purchase two of Outdoor's wholly owned subsidiaries, SkyCam, LLC and CableCam, LLC (collectively, the Aerial Camera Business). Salomon is represented by Gray Reed in this action.

KSE and Outdoor moved to dismiss Salomon's original complaint. (Defs.' Combined Mot. to Dismiss & Br. in Supp., ECF No. 14). Finding that the complaint did not contain facts establishing Salomon's standing to sue, the Court granted KSE and Outdoor's motion but granted Salomon leave to re-plead. (Order, ECF No. 26). Salomon filed his amended complaint on October 13, 2015. (Pl.'s Am. Compl., ECF No. 31). On October 30, 2015, KSE and Outdoor moved to dismiss the amended complaint, again arguing that Salomon lacked standing, was not the real party in interest, and failed to state a claim upon which relief can be granted. (Defs.' Combined Mot. to Dismiss Pl.'s Am. Compl. & Br. in Supp., ECF No. 34). PNC filed a similar motion. (Def.'s Mot. to Dismiss Pl.'s Am. Compl. & Mem. in Supp., ECF No. 33). Finding that Salomon had not established constitutional or prudential standing, this Court granted KSE and Outdoor's, and PNC's motions and rendered a final judgment of dismissal on August 12, 2016. (Mem. Op. & Order at 14–15, ECF No. 53; Final J., ECF No. 54).

Salomon moved to alter or amend the Court's judgment on September 9, 2016; that motion included a request to file a second amended complaint, which contained the facts the Court held were necessary to establish standing. (Pl.'s Mot. to Alter or Amend the J. & Br. in Supp., ECF No. 55). The Court granted Salomon's motion on August 31, 2017, and permitted the filing of his

second amended complaint. (*See* Mem. Op. & Order at 12, ECF No. 62). Fifteen days later, KSE

and Outdoor moved to dismiss the second amended complaint for failure to state a claim upon

which relief can be granted.[1] (Defs.' Rule 12(b)(6) Mot. to Dismiss 2d Am. Compl. & Br. in Supp.,

ECF No. 74). Salomon filed his response on October 6, 2017. (Pl.'s Resp. & Br. in Supp. to Defs.'

Rule 12(b)(6) Mot. to Dismiss 2d Am. Compl., ECF No. 80). KSE and Outdoor's motion to

dismiss is fully briefed and ready for determination.

After setting aside its judgment, this Court ordered the parties to conduct a scheduling

conference, confer regarding discovery, and submit a joint report. (Order at 1, ECF No. 64). In

accordance with the Court's order, Salomon, KSE, and Outdoor submitted their joint report on

October 3, 2017. (Joint Report, ECF No. 79). This Court entered a Scheduling Order on January

16, 2018, setting this case for trial on February 4, 2019. (Scheduling Order at 1, ECF No. 87).

Due to fundamental disagreements and an increasingly contentious relationship, Gray Reed

now seeks leave to withdraw as Salomon's counsel in this action.[2]

### III.  Arguments and Authorities

An attorney may withdraw as counsel upon "a showing of good cause and reasonable

notice to the client." *Wynn v. Eriksson* (*In re Wynn*), 889 F.2d 644, 646 (5th Cir. 1989). The

decision to permit an attorney to withdraw lies within the district court's sound discretion. *Id.* In

exercising that discretion, the court considers whether the attorney has demonstrated that: (1) good

cause for withdrawal exists; (2) the attorney's withdrawal will not disrupt further prosecution of

---

[1] PNC did not file an answer or other response to Salomon's second amended complaint, and the Clerk has entered its default.

[2] On January 24, 2018, KSE and Outdoor filed an "Emergency Motion to Stay Proceedings and to Set a Schedule for Expedited Limited Discovery and Hearing," requesting, inter alia, the deposition of Gray Reed. Gray Reed is not withdrawing based on the request for its deposition or the fact that it may become a material fact witness to counterclaims that KSE and Outdoor have threatened to file in this action.

the lawsuit; and (3) the attorney has complied with Local Rule 83.12. *See, e.g., Hernandez v. Aleman Constr., Inc.*, No. 3:10-CV-2229-BN, 2014 WL 1794833, at *1–2 (N.D. Tex. May 5, 2014); *White v. BAC Home Loans Servicing, LP*, Civil Action No. 3:09-CV-2484-G, 2010 WL 2473833, at *1–3 (N.D. Tex. June 15, 2010). Here, each of those requirements is satisfied.

### A.     *Fundamental Disagreements and an Increasingly Contentious Relationship with Salomon Provide Good Cause for Gray Reed's Withdrawal.*

First, there is good cause to permit Gray Reed to withdraw as Salomon's counsel. While not controlling, the Texas Disciplinary Rules of Professional Conduct (Disciplinary Rules), as well as the standards for withdrawal articulated in national ethics cannons, provide guidance as to whether an attorney has good cause to withdraw. *White*, 2010 WL 2473833, at *2. Disciplinary Rule 1.15 lists six circumstances in which an attorney may withdraw, including when "the client insists on pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has a fundamental disagreement." Tex. Disciplinary Rules of Prof'l Conduct R. 1.15(b)(4), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar art. X § 9).

In addition, Rule 1.15 contains a catch-all provision that permits withdrawal when "other good cause . . . exists." Tex. Disciplinary Rule of Prof'l Conduct R. 1.15(b)(7). Although Rule 1.15 does not define "good cause," courts have held that it exists when the lawyer and client become antagonistic or there is a complete breakdown in their relationship. *See White*, 2010 WL 2473833, at *2; *see also Gold's Gym Licensing, LLC v. K-Pro Mktg. Grp., Inc.*, Civ. No. 09-1211 (PLS/RLE), 2009 WL 3520858, at *2 (D. Minn. Oct. 26, 2009) ("We have, in the past, found that good cause exists . . . where a degree of fractiousness, between the client and counsel, had

developed which inhibits the 'just, speedy, and inexpensive determination of [the] action."
(quoting Fed. R. Civ. P. 1)).

Here, the level of trust, candor, and cooperation necessary for effective representation is
no longer present. Salomon has insisted on maintaining a position with which Gray Reed has a
fundamental disagreement and considers imprudent. That disagreement is not the first between
Salomon and Gray Reed. Over the preceding months, Salomon has repeatedly rejected Gray
Reed's advice, and Salomon and Gray Reed have disagreed about the scope of their engagement
agreement. As a result, their communications have grown increasingly contentious and fractious.
*See Cavallo v. Star Enterprises*, No. 97-1707, 1998 WL 403330, at *3 (4th Cir. July 7, 1998)
(affirming the granting of a motion to withdraw based on the attorney's assertion that the clients
"had disregarded his legal advice on numerous other occasions, and that [the clients']
communications with [the attorney] and his staff had become both acrimonious and abusive").
Prior attempts to resolve the issues between Gray Reed and Salomon have been unsuccessful.
Their relationship has deteriorated beyond repair, providing good cause for withdrawal.[3]

---

[3] This Court has previously held that unsworn conclusory assertions do not show good cause for withdrawal. *See, e.g., Rodriguez v. Wynn*, No. 1:15-CV-0181-BL, 2016 WL 4218368, at *2 (N.D. Tex. Aug. 9, 2012); *White*, 2010 WL 8473833, at *3. Those cases are distinguishable, because Gray Reed's Motion is verified. *Compare White*, 2010 WL 8473833, at *3 (stating that the withdrawing attorney had not "file[d] a declaration, an affidavit, or any other supporting materials alongside his motion"), *with Cavallo*, 1998 WL 403330, at *3 (affirming withdrawal based on the attorney's sworn assertions that irreconcilable differences existed with the client), *and Stafford v. Mesnik*, 63 F.3d 1445, 1449 (7th Cir. 1995) (holding that "the court did not abuse its discretion in relying on the statement of an officer of the court"). If it becomes necessary, Gray Reed can provide additional explanation as to its decision to withdraw. But Gray Reed is reticent to doing so, as it would require the disclosure of communications subject to the attorney-client privilege and work-product protection. If the Court finds that this Motion is insufficient, Gray Reed requests that the Court (1) grant it leave to file a declaration *in camera*, (2) hold a status conference on this Motion, or (3) take other appropriate steps to preserve the privileges. *See, e.g., Martinez v. Cantex, Inc.*, Civil Action No. 4:10-CV-652-Y, 2011 WL 13233579, at *1 (N.D. Tex. Aug. 4, 2011) (granting the withdrawing attorney leave to file additional information under seal); *Hernandez v. Aleman Constr., Inc.*, No. 3:10-CV-2229-BN, 2014 WL 1794833, at *2 (N.D. Tex. May 5, 2014) (granting a motion to withdraw based on representations made to the Court *in camera* at a hearing).

**Gray Reed & McGraw LLP's Motion to**
**Withdraw as Plaintiff's Counsel and Brief in Support**                                    **Page 5**

**B.      *Gray Reed's Withdrawal Will Neither Significantly Disrupt this Action or Unduly Prejudice Salomon or the Other Parties.***

Second, Gray Reed's withdrawal will not significantly disrupt the further prosecution of this action. Before permitting withdrawal, the court considers the following factors: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take and the financial burden it would impose on the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to other parties; and (6) whether withdrawal will harm the administration of justice." *Hernandez v. Aleman Constr., Inc.*, No. 3:10-CV-2229-BN, 2014 WL 1794833, at *1–2 (N.D. Tex. May 5, 2014) (quoting *White*, 2010 WL 2473833, at *3).

Here, those factors weigh in favor of granting Gray Reed leave to withdraw. While it has been pending for approximately three years, the case is still in its infancy. Trial will not begin until February 4, 2019; the periods for fact and expert discovery do not end until September 7 and November 9, respectively. (Scheduling Order at 1, 3, ECF No. 87). To date, the parties have only served written discovery. No depositions have been taken. While a dispositive motion (KSE and Outdoor's motion to dismiss Salomon's second amended complaint) is pending, the matter has already been fully briefed. Because the case is still in its early stages, neither Salomon nor the other parties will be unduly prejudiced by Gray Reed's withdrawal.

Additionally, Gray Reed's engagement agreement provides that, by withdrawing, Gray Reed is foregoing its claim to any of Salomon's potential recovery in this action. Relinquishing

the right to a share of the recovery provides Salomon with the opportunity to retain new counsel on a contingent-fee basis.[4]

Moreover, Gray Reed will ensure that any disruption caused by its withdrawal is minimal. It has already provided advance notice of its intention to withdraw and this Motion to Salomon, giving him ample opportunity to obtain substitute counsel. If the Court grants this Motion, Gray Reed will promptly turn over all documents and provide reasonable assistance to any substitute counsel retained by Salomon.

## C.     Local Rule 83.12's Requirements Are Satisfied.

Third, Gray Reed has complied with Local Rule 83.12. When, as here, the identity of substitute counsel is unknown, the motion to withdraw must contain: (1) the reasons requiring withdrawal; (2) "the name, address, and telephone number of the client"; and (3) "the client's signature approving withdrawal or [an explanation] specifically why, after due diligence, the attorney was unable to obtain the client's signature." N.D. Tex. Loc. R. 83.12(a). Here, Salomon's contact information is:

> Nicolas A. Salomon
> 3117 Rosedale Avenue, No. 9
> Dallas, Texas 75205
> Telephone: (214) 490-9094.

Moreover, despite its due diligence, Gray Reed has been unable to obtain Salomon's signature. Gray Reed's engagement agreement with Salomon required ten-business-days' advance notice of withdrawal, which Gray Reed provided on January 31, 2018. On February 8, Gray Reed sent Salomon a draft of this Motion and a signature page on which Salomon could indicate his approval.

---

[4] Under the engagement agreement, Salomon remains responsible for expenses.

**Gray Reed & McGraw LLP's Motion to**
**Withdraw as Plaintiff's Counsel and Brief in Support**                                    **Page 7**

Refusing to return the signature page, Salomon has stated that he is opposed to Gray Reed's withdrawal.

## IV.   Conclusion

For the foregoing reasons, Gray Reed requests that this Court grant this Motion and permit Gray Reed to withdraw as counsel for Salomon in this action.

Dated:  February 15, 2018.

GRAY REED & McGRAW LLP

By:      /s/ Cleveland G. Clinton
        CLEVELAND G. CLINTON
        State Bar No. 04399900
        WILLIAM B. CHANEY
        State Bar No. 04108500
        WILLIAM N. DRABBLE
        State Bar No. 24074154

1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: 214-954-4135
Facsimile: 214-953-1332
cclinton@grayreed.com
wchaney@grayreed.com
wdrabble@grayreed.com

ATTORNEYS FOR PLAINTIFF
NIC SALOMON

## **VERIFICATION**

THE STATE OF TEXAS            §
                             §
COUNTY OF DALLAS             §

  BEFORE ME, the undersigned Notary Public, on this day personally appeared William N. Drabble who, being by me duly sworn on oath, deposed and stated as follows:

  "My name is William N. Drabble. I am over twenty-one (21) years of age, of sound mind, and am competent and authorized to make this verification. I am an associate with Gray Reed & McGraw LLP and one of the attorneys for Plaintiff Nic Salomon in this lawsuit. I have read Gray Reed & McGraw LLP's Motion to Withdraw as Plaintiff's Counsel (Motion). The facts contained in the third paragraph of Section III(A) of the Motion are within my personal knowledge and are true and correct."



WILLIAM N. DRABBLE

  SUBSCRIBED AND SWORN TO BEFORE ME on this 15th day of February, 2018, to certify which witness my hand and seal.

DANYELLE STONE
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
JULY 14, 2018

NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

Gray Reed & McGraw LLP's Motion to
Withdraw as Plaintiff's Counsel and Brief in Support    **Page 9**

4474982.3

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7.1(b), I certify that counsel for Plaintiff has corresponded with counsel for Defendants KSE and Outdoor regarding the issues raised by the foregoing Motion. Counsel for Defendants is not opposed to the relief sought by this Motion but requests a status conference with the Court at the Court's earliest opportunity to discuss case issues in light of the Motion. Gray Reed concurs with that request.

*/s/ Cleveland G. Clinton*
CLEVELAND G. CLINTON

## CERTIFICATE OF SERVICE

I certify that on February 15, 2018, I electronically filed this Motion to Withdraw as Plaintiff's Counsel and Brief in Support using the Court's CM/ECF Filing System. The Clerk of the Court will send notification of the filing to counsel of record, which constitutes service under Local Rule 5.1(d).

*/s/ Cleveland G. Clinton*
CLEVELAND G. CLINTON