IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NIC SALOMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:15-CV-666-M |
| KROENKE SPORTS & ENTERTAINMENT, | § | |
| LLC, OUTDOOR CHANNEL HOLDINGS, | § | |
| INC., and PACIFIC NORTHERN CAPITAL LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS KROENKE SPORTS & ENTERTAINMENT, LLC AND OUTDOOR CHANNEL HOLDINGS, INC.'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE BARBARA M. G. LYNN, UNITED STATES DISTRICT COURT CHIEF JUDGE

By:

| | |
|---|---|
| Paul C. Watler | Kevin D. Evans |
| State Bar No. 00784334 | *Admitted pro hac vice* |
| Shannon Zmud Teicher | Nicholas W. Dowd |
| State Bar No. 24047169 | *Admitted pro hac vice* |
| JACKSON WALKER L.L.P. | ARMSTRONG TEASDALE LLP |
| 2323 Ross Avenue, Suite 600 | 4643 South Ulster Street, Suite 800 |
| Dallas, Texas 75201 | Denver, CO 80237 |
| Telephone: 214.953.6000 | Telephone: 720.200.0676 |
| Facsimile: 214.953.5822 | Facsimile: 720.200.0679 |
| Email: pwatler@jw.com | Email: kdevans@armstrongteasdale.com |
| steicher@jw.com | ndowd@armstrongteasdale.com |

Attorneys for Defendants KROENKE SPORTS & ENTERTAINMENT, LLC and
OUTDOOR CHANNEL HOLDINGS, INC.

November 5, 2018

KROENKE SPORTS & ENTERTAINMENT, LLC ("KSE") and OUTDOOR CHANNEL HOLDINGS, INC. ("Outdoor," collectively "Defendants") file this Motion For Summary Judgment ("Motion") against Plaintiff Nic Salomon ("Plaintiff") pursuant to Rule 56 of the FEDERAL RULES OF CIVIL PROCEDURE and as to each of the claims asserted against them in Plaintiff's Second Amended Complaint ("SAC"), specifically, Counts 1, 2, 3, 5, 6, and 7.  Defendants also seek summary judgment as to Plaintiff's demand for disgorgement of profits.

## SUMMARY

Defendants seek summary judgment on each of the following claims, the elements of which are set forth below as required under Local Civil Rule 56.3(a) as well as in Defendants' Brief in support of their Motion:

1.      Count 1 of the SAC is a breach of contract claim against Outdoor.  The elements of a breach of contract claim are:  (1) the existence of a valid contract between plaintiff and the defendant; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damage as a result of the breach.  As set out more fully in the accompanying brief, Defendants are entitled to summary judgment on this claim because Outdoor did not breach the Exclusivity section of the Term Sheet with Plaintiff and, alternatively, because Plaintiff has not suffered damages.

2.      Count 2 of the SAC is a tortious interference with an existing contract claim against KSE.  The elements of this claim are:  (1) that a contract subject to interference exists; (2) that the alleged act of interference was willful and intentional; (3) that the willful and intentional act proximately caused damage; and (4) that actual loss and damage occurred.  As set out more fully in the accompanying brief, Defendants are entitled to summary judgment on this claim because KSE did not willfully or intentionally interfere with the Exclusivity section of the

Term Sheet, did not induce Outdoor to breach that section of the Term Sheet, and because Plaintiff has not suffered actual loss or damage.

3. Count 3 of the SAC is a tortious interference with prospective business relations claim against KSE. The elements of this claim are: (1) a reasonable probability that the parties would have entered into a contractual relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did the act with the conscious desire to prevent the relationship from occurring or with the knowledge that the interference was certain or substantially certain to occur as a result of his conduct; and (4) the plaintiff suffered harm or damage as a result of the interference. As set out more fully in the accompanying brief, Defendants are entitled to summary judgment on this claim because KSE did not interfere with a prospective business relationship between Plaintiff and Outdoor, because Plaintiff suffered no harm or damage, and because KSE did not commit a tortious or unlawful act that prevented a contractual relationship between Plaintiff and Outdoor from occurring.

4. Count 5 of the SAC is an "aiding and abetting" breach of fiduciary duty claim against KSE and Outdoor. The elements of this claim are: (1) the existence of a fiduciary relationship; (2) that the third party knew of the fiduciary relationship; and (3) that the third party was aware that it was participating in the breach of that fiduciary relationship. As set out more fully in the accompanying brief, Defendants are entitled to summary judgment on this claim because neither KSE nor Outdoor participated in the alleged breach of a fiduciary relationship between Plaintiff and PNC and because neither Defendant was aware that they were participating in such an alleged breach.

5. Count 6 is a claim for "unjust enrichment." As explained in Defendants' brief in support of their Motion, unjust enrichment is a theory of liability not an independent cause of

action and should thus be dismissed. To the extent Count 6 is construed as valid standalone claim, and as set out more fully in the accompanying brief, Defendants are entitled to summary judgment because a valid existing contract (the Exclusivity section of the Term Sheet) governs the subject matter of the parties' dispute and because Outdoor and KSE did not procure any benefit at Plaintiff's expense through fraud, duress, or taking of an undue advantage.

6. Count 7 is a civil conspiracy claim against KSE and Outdoor. The elements of a civil conspiracy claim are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages to the plaintiff as a proximate result. As set out more fully in the accompanying brief, Defendants are entitled to summary judgment on this claim because there was no "meeting of the minds" as to an object or course of action, because Defendants engaged in no unlawful, overt acts, and because Plaintiff did not suffer any injury or damages.

7. As set out more fully in the accompanying brief, Defendants also seek summary judgment on Plaintiff's demand in the SAC for "disgorgement" of profits, a damages theory of which Plaintiff has failed to provide adequate notice, and which is not permitted under any of the causes of action described above, even if meritorious.

Defendants set forth the arguments and authorities supporting their request for summary judgment in their Brief In Support Of Their Motion For Summary Judgment, filed concurrently with this Motion. All supporting evidence and material are contained in an Appendix, also filed concurrently with this Motion.

WHEREFORE, for the foregoing reasons, Defendants respectfully request the Court to grant summary judgment in their favor and dismiss Counts 1, 2, 3, 5, 6, and 7 of the SAC with prejudice and preclude Plaintiff from pursuing a disgorgement theory of recovery.

Respectfully submitted,

Date:  November 5, 2018       By:   *s/Kevin D. Evans*
                  Kevin D. Evans
                  *Admitted pro hac vice*
                  Nicholas W. Dowd
                  *Admitted pro hac vice*
                  ARMSTRONG TEASDALE LLP
                  4643 South Ulster Street, Suite 800
                  Denver, CO 80237
                  Telephone:  720.200.0676
                  Facsimile:  720.200.0679
                  Email:  kdevans@armstrongteasdale.com
                      ndowd@armstrongteasdale.com

                  and

                  Paul C. Watler
                  State Bar No. 00784334
                  Shannon Zmud Teicher
                  State Bar No. 24047169
                  JACKSON WALKER L.L.P.
                  2323 Ross Avenue, Suite 600
                  Dallas, Texas 75201
                  Telephone:  214.953.6000
                  Facsimile:  214.953.5822
                  Email:  pwatler@jw.com
                      steicher@jw.com

                  Attorneys for Defendants KROENKE SPORTS
                  & ENTERTAINMENT, LLC and
                  OUTDOOR CHANNEL HOLDINGS, INC.

CERTIFICATE OF SERVICE

This is to certify that on this 5th day of November, 2018, I caused the foregoing **DEFENDANTS KROENKE SPORTS & ENTERTAINMENT, LLC AND OUTDOOR CHANNEL HOLDINGS, INC.'S MOTION FOR SUMMARY JUDGMENT** to be electronically submitted with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.

/s/*Kevin D. Evans*
Kevin D. Evans